GARDEN, JUDGE:
This claim is an outgrowth of the construction of Interstate 79 in Harrison County, and more particularly described as Parcel No. 17 of Project 1-79-3 (39) 126. The claim was submitted for decision on the basis of a written stipulation of facts. The stipulation reveals the following facts:
*231 The claimants were the owners of a parcel of land fronting on State Route 20, south of Clarksburg, in Elk District, Harrison County, upon which they operated a business, which was subsequently relocated on other property. The claimants were entitled to $4500 as relocation assistance funds in lieu of actual moving expenses, the amount of which was determined by a formula set forth in the rules and regulations of respondent’s Relocation Assistance Program, all of which is described in a brochure prepared by respondent, a copy of which had been given to the claimants. The brochure sets forth the requirement that a claim for relocation must be filed by claimants with respondent within 18 months of the date claimants were required to relocate. It is admitted that a formal claim was not filed within that time frame, and respondent contends that it therefore had no authority to pay such claim.
The stipulation further reveals that on October 8, 1974, a conference was held in Charleston and that the claimant, Olie G. Bastin, was in attendance, and at which the respondent’s T. H. Holden offered to settle the then pending condemnation action for the amount of the original valuation offer, and in addition the sum of $1200 representing the value of the septic tank located in the right of way, and the sum of $4500 for relocation expense, even though the 18-month period had then expired. This offer was later confirmed by a letter dated February 8, 1975, to claimant, Olie G. Bastin, from Joseph S. Jones, respondent’s then State Highway Engineer-Construction. This offer of compromise was refused by claimants, and the issue of just compensation, including damage to residue, was later resolved by jury trial in the Circuit Court of Harrison County, in July of 1975.
Claimants contend that respondent had actual notice of the relocation claim within the necessary 18-month period. The stipulation however does not so indicate. Claimants further contend that by making the offer to pay the relocation expense after the expiration of the 18-month period that the respondent has waived the requirement of notice.
This Court cannot agree with claimants’ contention. Even if it is assumed that respondent had actual notice of the claim within the required time period, we believe that respondent’s rules and regulations, as embodied in the brochure mentioned above, required the actual filing of a written claim for relocation assistance within the 18-month time period. It is admitted that this *232 was not done, and believing that respondent had no authority to waive this requirement, we must disallow the claim.
Claim disallowed.